UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14CV-149-M

**RUSSELL GREEAR**                                                                             **PLAINTIFF**

v.

**SUN RESIDENTAL** *et al.*                                                      **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Russell Greear, filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

### I.

Plaintiff filed the complaint on a general complaint form naming as Defendants "Sun Residental"; Jefferson County Court; and "Seven County Mental Health." As grounds for filing this lawsuit in federal court, Plaintiff states, "Fifth Amendment volation. No due prossess on life proprety." He states that he is suing Jefferson County Court for "conspiricy to deprive my 5 Amendment Life Property." He states that he is suing Seven County Mental Health because it did not "help with housing Eleven Oaks Apt." As the statement of the claim, Plaintiff states, "Seven County refuse to help with basic need of life. Judge siding with Sun Residental and volationing ADA by not give a handicapped person time to move." As relief, Plaintiff seeks "for Sun Residental to abite to federal law complaint to ADA, fair housing Act 1988;" and "No slander to handicapped."

Along with the complaint, Plaintiff filed another document, which the Court will construe as an attachment to the complaint. While the document is not entirely clear, the Court will attempt to summarize its factual allegations. Plaintiff states, "By comparing with the Jefferson County Court system (Judge Jennifer Wilcox) by not giving Myself my Amican with Disable act right to amble time to move because of disable (physical and mental Disabity) which is 15 days to get my social security check to get a truck to move. By doing it early will Loss my property." He also states as follows:

> The reason for the eviction was lack of mutation And A.D.A. volition, threats intimation. The Sun Residential wanted to evade me because of add. A complaint filed in January which they were fount gaily of and refuse to take Rent payment. While in count the judge know the reason of eviction and I requested ample time to move but refuse by the Jefferson County court system for added time. I was threaded inseminated and lay to other resent and the office staff.

Plaintiff goes on to describe criminal activity in the apartment building where he lived and, while it is unclear, states that he was arrested for Assault in the Fourth Degree. He attempted to find other housing but had no other options. He states, "Seven County Mental healths refuse to help the clients in any way. Sun residential have repeated to endanger my life and my family repeatedly." He also states, "Since the system have failed myself and the people they are to serve I am asking the court of a judgment Of no less the 1.5 million for mental and emosial for Sun Residential $1.5 million for seven County for harrament for same."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.

*42 U.S.C. § 1983*

A claim for violation of constitutional rights must be brought under 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights."). Therefore, the Court must construe Plaintiff's allegations of violations of

the Fifth Amendment's Due Process Clause as brought under § 1983.  The Fifth Amendment, however, applies only to actions of the federal government.  *See, e.g., Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977).  Here, none of the Defendants are federal officials.  Therefore, the Court will dismiss the Fifth Amendment claims for failure to state a claim.  However, to the extent that any of the Defendants are state actors, the Court will construe Plaintiff's Due Process Clause claims as being brought under the Fourteenth Amendment.

Upon review of the complaint and attachment, the Court construes Plaintiff's due process claim as alleging denial of due process in his eviction proceedings in Jefferson County District Court.  Under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000).  "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States."  *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).  "The doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted).

Plaintiff cannot mount a due process challenge to this state-court eviction proceedings in this Court.  Therefore, his Due Process claim will be dismissed for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Moreover, Plaintiff names Jefferson County Court as a Defendant. He does not name Judge Jennifer Wilcox as a Defendant, but he tendered a summons form for her and makes reference to her in the attachment to the complaint. Construing the complaint broadly, as the Court is required to do at this stage, the Court will construe the complaint as alleging a claim against Wilcox. However, judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Therefore, any claim against Wilcox is subject to dismissal for failure to state a claim upon which relief may be granted.

*ADA*

Plaintiff makes reference to the ADA. The Americans with Disabilities Act (ADA) states, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a *prima facie* claim under Title II of the ADA, a plaintiff must show that he has a disability, is otherwise qualified and is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of his disability. *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003) (citing *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995)). Additionally, "[c]ompensatory damages may be recovered under the ADA only if the plaintiffs prove intentional

5

discrimination." *Tucker v. Tenn.*, 443 F. Supp. 2d 971, 973 (W.D. Tenn. 2006). "Further, the plaintiff must show that the discrimination was intentionally directed toward him or her in particular." *Tucker v. Tenn.*, 539 F.3d 526, 532 (6th Cir. 2008).

Based on the complaint and attachment, the Court construes Plaintiff's claim under the ADA as alleging that Defendant "Seven County Mental Health" did not help him with his housing and that it "refuse[s] to help the clients in any way" and alleging that Defendants "Sun Residental" and Jefferson County Court did not give him sufficient time to move after he was evicted. However, construing Plaintiff's allegations as true, he fails to allege facts sufficient to support an ADA claim. Plaintiff fails to allege what his disability is. Even assuming that Plaintiff is disabled, he fails to allege facts demonstrating that he was otherwise qualified for the services which he allegedly was denied. Moreover, he fails to allege facts to establish that any Defendant intentionally discriminated against him solely because of his disability or that the discrimination was directed toward him in particular. Because the factual allegations are insufficient to establish a *prima facie* claim under the ADA, the claim will be dismissed.

*Fair Housing Act*

Plaintiff also mentions the Fair Housing Act. However, he states no factual basis for a claim under the Fair Housing Act, nor does he identify any provision of the Fair Housing Act which applies to his claims, and the Court is not able to discern any. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). As

Plaintiff states no factual basis for alleging a claim under the Fair Housing Act, the claim will be dismissed.

*Zipple and Peterson*

The Court notes that, while Plaintiff did not name them as Defendants in the complaint, he tendered summons forms for "Tony Zipple Seven County Mental Health"; as well as "Peterson" and "John Peterson," for whom he lists an address at "Sun Residental." However, Plaintiff states no facts regarding any personal involvement in the events giving rise to the complaint by Zipple or Peterson. Once again, Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff has not alleged any facts involving Zipple or Peterson, any claims that Plaintiff may be asserting against them would be dismissed for failure to state a claim upon which relief may be granted.

**IV.**

For the foregoing reasons, the action will be dismissed. A separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date: July 30, 2014

                                                    **Joseph H. McKinley, Jr., Chief Judge**
                                                    **United States District Court**

cc:    Plaintiff, *pro se*
        Defendants
4414.010